

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Mr. Giles:

Opinion No. O-1512
Re: Authority of Commissioner of
General Land Office to issue
permit to oil and gas lessee
of State land to erect road-
way over submerged land owned
by the State.

In your letter of November 13, 1939, you request
the opinion of this department upon the above referred to
matter. We quote from your opinion request as follows:

"Sinclair Prairie Oil Company is prepared
to drill a well on Tract 688, Nueces Bay, in
Nueces County. It seems that the north part
of this bay is very shallow water, and since they
cannot use boats or barges, they are confronted
with the matter of ingress and egress to and from
this property. You will observe from plat en-
closed in our letter of September 27, 1939, that
Tract 685 lies immediately north of this tract
688. Said Tract 685 is unleased.

"In letter of Sinclair to this office dated
September 14, they desire to know if a permit could
be granted by the State authorizing them to con-
struct a roadway across 685, which is on the coast
line, to their well location on 688 thus giving
them an outlet to their property. In our said
letter of September 27, we enclosed copies of our
correspondence with Sinclair in connection with
this matter. Several of our mineral laws appear
to at least imply that every assistance possible
shall be rendered the owners of State leases in
developing the property. However, this is the
first instance of which I am advised where the
State has been called on to grant such permit as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Bascom Giles, Page 2

requested by Sinclair. Will you kindly advise
this department if, in your opinion, we would
be authorized in issuing such permit to give
Sinclair access to this Tract 688 across Tract
685.

"This is to request that you disregard our
letter of September 27, 1939, and to substitute this
request for an opinion in lieu thereof."

Your question calls for our opinion as to whether
or not the Commissioner of the Land Office, under the facts
and circumstances related in your letter, has the authority
to issue a permit to Sinclair Prairie Oil Company authorizing
that company to erect a roadway across State owned submerged
tract No.685.

Section 23 of Article 4 of the Texas Constitution
creates the office of the Commissioner of the General Land
Office, but prescribes no specific duties of such officer
other than that he shall perform "such duties as are or
may be required of him by law".

Article 5251, R. C. S., 1925, prescribes the
general duties of the Commissioner of the General Land
Office in the following language:

"The Commissioner shall superintend, con-
trol and direct the official conduct of all sub-
ordinate officers of the General Land Office, and
execute and perform all acts and things touching
or respecting the public land of this State or
rights of individuals in relation thereto, as may
be required by law, and make and enforce suitable
rules consistent therewith. He shall give infor-
mation to the Governor and Legislature concerning
the public lands, or the General Land Office,
when required."

The statutes in force at the time Sinclair Prairie
Oil Company secured its lease on submerged tract 688 in
Nueces Bay did not specifically empower the Land Commissioner
to issue a permit of the nature now requested by Sinclair
Prairie Oil Company. It is a well settled principle in
this State that public officers possess only such powers
as are expressly conferred upon them by law or are ne-

cessarily implied from the powers so conferred. They cannot legally perform acts not authorized by existing laws. See 34 Tex. Jur., Sec. 67, 440; Gallaghan v. McCowan, 90 S. W. 319 (Civ. App. Writ of Error Ref.); Harlingen Independent School District v. C. H. Page & Bro., 48 S. W. (2) 983 (Comm. App.).

Section 8 of Chapter 271, Acts 1931, which was in effect at the time of the leasing of tract 688, provides:

> "All islands, salt water lakes, bays, in-
> lets, marshes and reefs owned by the State
> within tide water limits, and that portion of
> the Gulf of Mexico within the jurisdiction of
> Texas, and all unsold public free school land,
> both surveyed and unsurveyed, shall be subject
> to lease by the Commissioner to any person, firm
> or corporation for the production of the minerals
> except gold, silver, platinum, cinnabar and other
> metals, that may be therein or thereunder, in
> accordance with the provisions of this Act and
> subdivision 2, Chapter 4, Title 86, Revised
> Statutes of 1925, relating to leasing public
> areas, insofar as same is not in conflict here-
> with."

Subdivision 2 of Chapter 4, Title 86, R. C. S. 1925, (Articles 5353-5366, Inclusive, R. C. S. 1925), together with Chapter 271, Acts 1931, which confer upon the Land Commissioner power and authority to lease the area in question and prescribe the procedure to be followed in making leases do not, in our opinion, either expressly or by necessary implication, authorize the Land Commissioner to issue a permit of the kind now requested by Sinclair Prairie Oil Company under the facts submitted by you.

Accordingly, we answer your question by stating that, in our opinion, under the facts submitted in your letter and the file accompanying the same, the Commissioner of the General Land Office has no authority to issue a permit to Sinclair Prairie Oil Company to construct a roadway across submerged tract 685.

In conclusion, we wish to make clear that in this opinion we are not passing upon the question of the

Honorable Bascom Giles, Page 4

right of the Sinclair Prairie Oil Company to a way of necessity over tract 685. Our opinion is confined to a holding that under existing statutes the Land Commissioner is not authorized to issue a permit of the kind requested.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By <span>Robert E. Kepke</span>
Assistant

REK:BT

APPROVED DEC 4, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN